Citation Nr: 1554517 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 13-34 982 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii


THE ISSUE

Entitlement to a disability evaluation in excess of 60 percent for chronic bronchitis with chronic obstructive pulmonary disease (COPD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Yvette Hawkins, Counsel

INTRODUCTION

The Veteran served on active duty from October 1954 to September 1956.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Honolulu, Hawaii, which reduced the Veteran's rating for chronic bronchitis with COPD from 60 percent to 10 percent, effective June 1, 2012. The Veteran appealed the decision to the Board, and in an August 2014 decision, the Board restored the Veteran's disability rating to 60 percent, effective June 1, 2012. As the Veteran's original claim was for a disability rating in excess of 60 percent for the condition, that issue is the subject of the current appeal.

In April 2014, the Veteran testified during a Board video conference hearing before the undersigned Acting Veterans Law Judge (AVLJ). A transcript of the hearing has been associated with the claims folder.

In June 2015, the Board remanded the Veteran's claim to the Agency of Original Jurisdiction (AOJ) for further evidentiary development, including obtaining all outstanding private pulmonary treatment records and an addendum opinion from the previous March 2015 examiner. For the reasons set forth below, the Board concludes that there has not been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The issue of entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities has been raised by the record in a December 2015 post-remand brief, but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In June 2015, the Board remanded the claim to obtain an opinion from the clinician who performed the March 2015 examination as to whether the Veteran's chronic bronchitis with chronic COPD necessitated outpatient oxygen therapy. The Board requested that, prior to providing the record to the examiner, the AOJ obtain all outstanding VA treatment reports since July 2014 and all outstanding private treatment records for his pulmonary disorders. 

After reviewing the complete evidence of record, the examiner who prepared the November 2015 addendum observed that recent private pulmonary treatment reports were not of record (the last reports dated in July 2011), adding that these reports would provide the most accurate information regarding whether the Veteran's current pulmonary conditions require oxygen therapy. He emphasized that, without these records, and based only on the currently-available treatment records, there was no objective evidence demonstrating that the Veteran's current pulmonary disabilities require outpatient oxygen therapy.

In Jones v. Shinseki, 23 Vet. App. 382 (2010), the Court of Appeals for Veterans Claims held, in part, that if an examiner is unable to offer a requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion cannot be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided. Here, despite clearly stating that the Veteran's outstanding private treatment reports were needed to in order to provide the requested opinion, there is no evidence that the AOJ ever made an attempt to obtain such records. 

In a September 2015 report of contact, the Veteran told the AOJ that he was still receiving pulmonary treatment from D.W., for whom there is already a signed authorization allowing VA to obtain those records.
Thus, although the Board sincerely regrets the necessity of another remand, such is needed to afford the Veteran every opportunity to prevail on his claim.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all outstanding private records for the treatment of the Veteran's chronic bronchitis with chronic COPD since July 2011, to specifically include the reports of D.W., and associate with the e-folder. If an updated authorization(s) is needed from the Veteran, this should be obtained first. All attempts to obtain such records must be clearly documented in the record. If these records cannot be obtained, the Veteran should be notified and given a reasonable amount of time to respond.

2. After the private treatment records are associated with the e-folder, return the record to the examiner who wrote the November 2015 addendum. If that examiner is not available, another examiner should be asked to review the record and answer the following questions:

* Do the updated private pulmonary treatment records demonstrate that the Veteran requires the use of outpatient oxygen therapy SOLEY TO TREAT HIS CHRONIC BRONCHITIS WITH CHORONIC COPD? If so, the examiner must provide the date that such therapy began.

* If the treatment records demonstrate that the Veteran necessitates the use of outpatient oxygen therapy for unrelated, nonservice-connected disorders (such as hypertensive heart disease or chronic kidney disease), is it possible to determine whether such therapy is also required for his service-connected pulmonary disability? 

* The examiner must provide a complete rationale for all opinions expressed.

3. Thereafter, review the e-folder to insure that the requested development has been completed, including whether the examination report contains thorough reasons and bases for the examiner's opinion. If not, corrective action must be implemented.

4. The issue on appeal should then be readjudicated. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided with a Supplemental Statement of the Case (to include a complete sentence notifying the Veteran that his request has been denied) and afforded the opportunity to respond thereto. The matter should then be returned to the Board, if in order, for further appellate process. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


 
 (CONTINUED ON NEXT PAGE)



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).